FOR PUBLICATION

FILED

December 15, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE

STATE OF TENNESSEE,                  (
                                     (
        Appellee,                    (
                                     (   Hamilton County
                                     (
                                     (   Hon. Stephen M. Bevil,
v.                                   (   Judge
                                     (
                                     (
                                     (
LEROY HALL,                          (
                                     (   Supreme Court No.
        Appellant.                   (   03S01-9701-CR-00010


**CONCURRING OPINION**


        I concur in affirming the verdict of guilty of

premeditated murder and the sentence of death.


        Four issues are before the Court - jury instructions

regarding nonstatutory mitigating circumstances, the

admissibility of expert testimony, the validity of arson as an

aggravating circumstance, and the comparative proportionality

review.[1]


        Any error with regard to mitigating circumstances was

not prejudicial.

---

[1] No issue is made regarding the sufficiency of the evidence to support
the aggravating circumstances or the finding that the aggravating
circumstances outweigh the mitigating circumstances. Tenn. Code Ann. § 39-13-
204(g)(1) (Supp. 1996).

As discussed in the lead opinion, the testimony of Dr. Roger Meyer as an expert witness was not excluded by the court. When the court advised counsel that any evidence "going towards state of mind that would create a defense or an excuse for this killing" would be allowed, counsel, without explanation, did not call Dr. Meyer as a witness. The error, if any, was not a legal error committed by the court.

I also agree that arson is a valid aggravating circumstance in this case, in which the defendant was convicted of premeditated murder. I would argue that the principle on which Middlebrooks is based would preclude the establishment of more than one aggravating circumstance with the same evidence,[2] but that is not the situation in this case. Here, the facts that established arson of the vehicle were relevant and admissible evidence concerning the offense, not proof of another aggravating circumstance or an element of premeditated murder.

Although I think the procedure for conducting comparative proportionality review set forth in State v. Bland can be further developed, State v. Bland, _____ S.W.2d _____ (Tenn. 1997) (Reid, J., dissenting), application of that procedure to the circumstances of the crime and the character of the defendant does not show the sentence of death to be disproportionate. Some of the cases in which the sentence of death was affirmed relied upon in the lead opinion are similar to

---

[2]State v. Middlebrooks, 840 S.W.2d 317, 352 (Tenn. 1992) ("the constitutional deficiency is that the aggravating circumstance does not narrow the class, not that it duplicates the elements of the offense").

this case.  The absence of similar cases in which the defendant was sentenced to life imprisonment may be explained by the egregious means whereby the murder was accomplished in this case.

Consequently, I concur.


_____
Reid, J.